IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

VALLEY FORGE CHRISTIAN COLLEGE : CIV NO.
OF THE ASSEMBLIES OF GOD
Plaintiff,
v.
SYLVIA MATHEWS BURWELL, in her official capacity as
Secretary of the Department of Health and Human
Services; UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES; THOMAS E.
PEREZ, in his official capacity as the Secretary of the
United States Department of Labor; UNITED
STATES DEPARTMENT OF LABOR; JACOB J.
LEW, in his official capacity as Secretary of the
United States Department of the Treasury; and THE
UNITED STATES DEPARTMENT OF THE
TREASURY,
Defendants.

## COMPLAINT

Comes now Plaintiff, Valley Forge Christian College of the Assemblies of God, by and through its attorneys, and states as follows:

### NATURE OF THE ACTION

1. Plaintiff submits this Complaint to seek redress for violations of its sincerely held religious beliefs by the Defendants and to seek relief from content-based restrictions on free speech.

2. The Plaintiff challenges regulations issued under the Patient Protection and Affordable Care Act ("PPACA") that force employers to provide, directly or indirectly, insurance plans that include potentially life threatening drugs and devices, which harm or terminate a fertilized human egg (the "Mandate").

3. Under these regulations, Plaintiff has until October 2014 to either include certain drugs, devices, and/or procedures that are potentially life threatening to a fertilized human egg or

1

arrange for or facilitate coverage with its insurance carrier, third party administrator or any other third party to provide the same drugs, devices and procedures, thereby transferring its legal and moral authority. This is contrary to Plaintiff's sincerely held religious beliefs.

4. The Plaintiff, Valley Forge Christian College of the Assemblies of God ("Valley Forge Christian College"), is a Christian college located in Chester County, Pennsylvania. Valley Forge Christian College's religious beliefs forbid it from participating in, providing access to, paying for or designating others to pay for certain drugs, devices or procedures, which harm or terminate a fertilized human egg.

5. Because of this sincerely held religious belief, Valley Forge Christian College cannot comply with the government's Mandate. Moreover, Valley Forge Christian College cannot participate in the so-called "Religious Accommodation," which would cause it to facilitate, participate and assist in actions resulting in the provision of potentially life threatening drugs and devices, which harm or terminate a fertilized human egg.

6. Valley Forge Christian College faces significant fines and/or the loss of its insurance coverage for the exercise of its sincerely held religious beliefs.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1361. This action arises under the Constitution and laws of the United States. This Court has jurisdiction to render declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 2000bb-1.

8. Venue lies in this district pursuant to 28 U.S.C. § 1391(e). A substantial part of the events or omissions giving rise to the claim occurred in this district, and Plaintiff resides in this district.

## IDENTIFICATION OF PARTIES

9. Plaintiff Valley Forge Christian College is a Christian college founded in 1939 by the Assemblies of God. The College Mission Statement declares its purpose "to prepare individuals for a life of service and leadership in the church and in the world."

10. Defendant Sylvia Mathews Burwell is the Secretary of the United States Department of Health and Human Services. Secretary Burwell is an official of the United States. She is sued in her official capacity.

11. Defendant the United States Department of Health and Human Services ("HHS") is a department and agency of the United States.

12. Defendant Thomas E. Perez is the Secretary of the United States Department of Labor. Secretary Perez is an official of the United States. He is sued in his official capacity.

13. Defendant the United States Department of Labor ("Labor") is a department and agency of the United States.

14. Defendant Jacob J. Lew is the Secretary of the United States Department of the Treasury. Secretary Lew is an official of the United States. He is sued in his official capacity.

15. Defendant the United States Department of the Treasury ("Treasury") is a department and agency of the United States.

16. All Defendants are hereafter collectively referred to here as "the Departments" or "the Government."

### VALLEY FORGE CHRISTIAN COLLEGE'S SINCERELY HELD RELIGIOUS BELIEFS

17. Valley Forge Christian College has been affiliated with the Assemblies of God religious denomination since its founding in 1939.

18. The Bylaws of Valley Forge Christian College require the College to be "bound to the Statement of Fundamental Truths of the General Council of the Assemblies of God" and its endorsement by the Alliance for Assemblies of God Higher Education.

19. The Valley Forge Christian College's Board of Trustees is composed of 51 members, all of whom are members of the Assemblies of God and 25 of whom must be credentialed ministers of the Assemblies of God.

20. Six regional and two ethnic districts of the Assemblies of God are responsible for the nomination of 24 members of the Board of Trustees. Valley Forge Christian College requires the administration, the faculty, and professional staff to adhere to the Statement of Fundamental Truths of the Assemblies of God. Valley Forge Christian College requires all of its staff, administration, faculty and students to adhere to a lifestyle covenant.

21. Valley Forge Christian College has no religious objection to providing coverage for contraceptive drugs and devices which truly—and only—prevent conception and do not interfere with the continued survival of a human embryo.

22. It is, however, Valley Forge Christian College's sincerely held religious belief that it is forbidden, under religious principles and teachings, from providing, facilitating, counseling to use, or assisting in the provision of any drugs or services that interfere with the survival of a human embryo, except to save the life of a mother.

23. At a meeting held April 9–10, 2014, the Board of Trustees of Valley Forge Christian College passed a resolution declaring its opposition to the HHS Mandate because some of the drugs and/or devices required by it may interfere with the survival of a human embryo. That resolution is attached hereto as Exhibit A.

24. That resolution, in part, stated that "…the Assemblies of God has a sincerely held religious belief vigorously opposed to abortion, abortion-related legislation and medical procedures as documented in (1) A position paper adopted at the General Presbytery in Session August 9–11, 2010 'Sanctity of Human Life: Abortion and Reproductive Issues', and (2) The February 27, 2012 statement issued in opposition to the Obama Health Insurance Plan by Dr. George Wood, General Superintendent of the Assemblies of God."

25. In that same resolution, the Board of Trustees of Valley Forge Christian College stated, "The Board of Trustees affirms its sincerely held religious belief in opposition to abortion and abortion-related drugs and procedures."

26. Valley Forge Christian College not only opposes the direct provision of potentially life threatening drugs and devices, which harm or terminate a fertilized human egg and services, on religious grounds, but it also opposes being associated with, participating indirectly with, or transferring any legal or moral authority by which a third party might enable the provision of such services to the employees of Valley Forge Christian College.

27. Valley Forge Christian College considers it contrary to the tenets of the Christian religion as held by the Assemblies of God denomination – to directly or indirectly provide potentially life threatening drugs and/or devices that may harm or terminate a developing human embryo after conception.

## THE ACCOMMODATION

28. On June 28, 2013, Defendants issued a final rule (the "Mandate"), which ignores the objections repeatedly raised by religious organizations and continues to co-opt objecting religious employers into the government's scheme of expanding free access to potentially life threatening drugs and devices, which harm or terminate a fertilized human egg.

78 Fed. Reg. 39870.

29. Under the Mandate, the discretionary "religious employers" exemption, which is still implemented via footnote on the Health Resources and Services Administration ("HRSA") website, Ex. C, remains limited to formal churches and religious orders "organized and operate[d]" as nonprofit entities and "referred to in section 6033(a)(3)(A)(i) or (iii) of the [Internal Revenue] Code." 78 Fed. Reg. at 39874.

30. All other religious organizations, including Valley Forge Christian College, are excluded from the exemption.

31. The Mandate creates a separate "accommodation" for certain non-exempt religious organizations. 78 Fed. Reg. at 39874.

32. An organization is eligible for the accommodation if it (1) "[o]pposes providing coverage for some or all of the contraceptive services required"; (2) "is organized and operates as a nonprofit entity"; (3) "holds itself out as a religious organization"; and (4) "self-certifies that it satisfies the first three criteria." 78 Fed. Reg. at 39874.

33. The self-certification must be executed "prior to the beginning of the first plan year to which an accommodation is to apply." 78 Fed. Reg. at 39875.

34. The Final Rule extends the current safe harbor through the end of 2013. 78 Fed. Reg. at 39889; *see also* HHS Center for Consumer Information and Insurance Oversight, Guidance on the Temporary Enforcement Safe Harbor for Certain Employers (June 28, 2013) (extending the safe harbor to the first plan year that begins on or after January 1, 2014).

35. Thus, an eligible organization would need to execute the self-certification prior to its first plan year that begins on or after January 1, 2014, and deliver it to the organization's

6

insurer or, if the organization has a self-insured plan, to the plan's third party administrator. 78 Fed. Reg. at 39875.

36. By the terms of the accommodation, Valley Forge Christian College would be required to execute the self-certification and deliver it to its insurers and plan administrators before July 1, 2014.

37. By delivering its self-certification to its insurers and third-party administrators, Valley Forge Christian College would trigger its obligations to "provide payments for contraceptive services," including potentially life threatening drugs and devices that may harm or terminate a fertilized human egg like Plan B (the "day after pill") and Ella (the "week after pill"). 78 Fed. Reg. at 39876 (insurers) *see also id.* at 39879 (third party administrators).

38. In the case of its self-insured plan, Valley Forge Christian College's self-certification acts as a designation of the third party administrator(s) as plan administrator and claims administrator for plan, which includes potentially life threatening drugs and devices, which harm or terminate a fertilized human egg, benefits pursuant to section 3(16) of ERISA. 78 Fed. Reg. at 39879.

39. Because Valley Forge Christian College has a sincerely-held religious objection against directly providing certain potentially life threatening drugs and devices that may harm or terminate a fertilized human egg, and because Valley Forge Christian College believes it would be wrong to transfer its legal and moral authority to a third party that would provide the same potentially life threatening drugs and devices, it can neither comply with the HHS Mandate, nor engage in the Accommodation. Therefore, it faces and is subject to a $100.00 per day per beneficiary fine, which will cause a severe economic consequence to Valley Forge Christian College.

## CLAIMS FOR RELIEF

### COUNT I

**Violation of the Religious Freedom Restoration Act – Substantial Burden**

40. Valley Forge Christian College incorporates by reference all preceding paragraphs.

41. Valley Forge Christian College's sincerely held religious beliefs prohibit it from providing, or transferring to another, its legal and moral authority for facilitating health insurance that would facilitate access to potentially life threatening drugs and devices, which harm or terminate a fertilized human egg, or to related education and counseling, which promote the use of such drugs or devices.

42. The Mandate and Defendants' threatened enforcement of the Mandate violate Valley Forge Christian College's rights secured to it by the Religious Freedom Restoration Act, § 2000bb-1 *et seq.* The language of the applicable section of the Religious Freedom Restoration Act (RFRA) is as follows:

> (b) Exception: Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person –
>
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest
> 42 U.S. Code § 2000bb-1

43. The Mandate creates government-imposed coercive pressure on Valley Forge Christian College to change or violate its religious beliefs.

44. The Mandate restricts Valley Forge Christian College's religious exercise.

45. The Mandate exposes Valley Forge Christian College to substantial fines for its religious exercise.

8

46. The Mandate exposes Valley Forge Christian College to substantial competitive disadvantages, in that it will no longer be permitted to offer health insurance.

47. The Mandate imposes a substantial burden on Valley Forge Christian College's religious exercise.

48. The Mandate furthers no compelling governmental interest.

49. The Mandate is not narrowly tailored to any compelling governmental interest.

50. The Mandate is not the least restrictive means of furthering Defendants' stated interests.

51. Because the "accommodation" provided by the Mandate is not narrowly tailored and is not the least restrictive means available, it violates the terms of the exception granted by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1 *et seq.*

52. Absent injunctive and declaratory relief against the Mandate, Valley Forge Christian College will continue to be harmed.

### COUNT II
### Violation of the First Amendment to the United States Constitution
### Free Exercise Clause
### Intentional Discrimination

53. Valley Forge Christian College incorporates by reference all preceding paragraphs.

54. Valley Forge Christian College's sincerely held religious beliefs prohibit it from providing, or transferring to another its legal and moral authority for facilitating health insurance that would facilitate access to potentially life threatening drugs and devices, which harm or terminate a fertilized human egg, and/or to related education and counseling.

55. The Mandate and Defendants' threatened enforcement of the Mandate therefore violate Valley Forge Christian College's rights secured to it by the Free Exercise Clause of the First Amendment of the United States Constitution.

56. Absent injunctive and declaratory relief against the Mandate, Valley Forge Christian College will continue to be harmed.

### COUNT III
### Violation of the First Amendment to the United States Constitution
### Free Exercise Clause
### Discrimination Among Religions

57. Valley Forge Christian College incorporates by reference all preceding paragraphs.

58. The Free Exercise Clause and Establishment Clause of the First Amendment mandate the equal treatment of all religious faiths and institutions without discrimination or preference.

59. This guarantee of equal treatment protects organizations as well as individuals.

60. Because the Mandate provides a narrow exemption for "religious employers" but not for other religious organizations, it discriminates among religions on the basis of religious views or religious status.

61. The Mandate and Defendants' threatened enforcement of it thus violate Valley Forge Christian College's rights secured to it by the Free Exercise Clause of the First Amendment of the United States Constitution.

62. Absent injunctive and declaratory relief against the Mandate, Valley Forge Christian College will continue to be harmed.

### COUNT IV
### Violation of the First Amendment to the United States Constitution
### Establishment Clause

**Selective Burden/Denominational Preference (*Larson v. Valente*)**

63. Valley Forge Christian College incorporates by reference all preceding paragraphs.

64. By design, Defendants imposed the Mandate on some religious organizations but not on others, resulting in a selective burden on Valley Forge Christian College.

65. The Mandate and Defendants' threatened enforcement of the Mandate therefore violate Valley Forge Christian College's rights secured to it by the Establishment Clause of the First Amendment to the United States Constitution.

66. Absent injunctive and declaratory relief against the Mandate, Valley Forge Christian College will continue to be harmed.

## COUNT V
### Interference in Matters of Internal Religious Governance
### Free Exercise Clause and Establishment Clause

67. Valley Forge Christian College incorporates by reference all preceding paragraphs.

68. The Free Exercise Clause and the Establishment Clause protect the freedom of religious organizations to decide for themselves, free from state interference, matters of internal governance as well as those of faith and doctrine.

69. Under the Free Exercise Clause and the Establishment Clause, the Government may not interfere with a religious organization's internal decisions concerning the organization's religious structure, doctrine, or leadership.

70. Valley Forge Christian College made an internal decision, based on the doctrine set forth by Assemblies of God, that it opposes potentially life threatening drugs and devices, which harm or terminate a fertilized human egg, which is based on its religious beliefs.

71. The Mandate therefore directly interferes with Valley Forge Christian College's faith and mission because it interferes with its ability to make internal decisions concerning its doctrine.

72. Because of this interference, the Mandate violates the Establishment Clause and the Free Exercise of the First Amendment and Valley Forge Christian College is entitled to relief.

### COUNT VI
**Violation of the First and Fifth Amendments of the United States Constitution Establishment Clause and Due Process**

73. Valley Forge Christian College incorporates by reference all preceding paragraphs.

74. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."

75. The Free Exercise Clause of the First Amendment prohibits the Government from substantially burdening an entity's exercise of religion.

76. The Free Exercise Clause protects organizations from Government-imposed burdens on religious exercise.

77. The Due Process Clause of the Fifth Amendment mandates the equal treatment of all religious faiths and institutions without discrimination or preference.

78. The Mandate and the "accommodation" require Plaintiff to provide, facilitate, or initiate the provision of services that are directly contrary to its religious beliefs respecting the sanctity and dignity of human life and prohibiting being associated with the provision of potentially life threatening drugs and devices, which harm or terminate a fertilized human egg.

79. The Mandate and the "accommodation" are not neutral laws of general applicability because they exempt substantial categories of employers, solely for secular reasons, while not exempting employers for religious reasons, and the exemptions are so substantial as to render any differing treatment for religious employers suspect and discriminatory.

80. The Mandate and the "accommodation" are subject to strict scrutiny.

81. The Government has no compelling interest to require Plaintiff to comply with the Mandate or the "accommodation."

82. The Mandate and the "accommodation" are not narrowly tailored to further a compelling government interest.

83. By enacting the Mandate and the "accommodation," the Government has, therefore, burdened Plaintiff's religious exercise in violation of the Free Exercise Clause of the First Amendment, and Plaintiff is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court:

a. Declare that Defendant's enforcement of the Mandate against the Plaintiff violates the First and Fifth Amendments to the United States Constitution;

b. Declare that Defendant's enforcement of the Mandate against the Plaintiff violates the Religious Freedom Restoration Act;

c. Issue temporary and permanent injunctions prohibiting enforcement of the Mandate against Plaintiff or any other regulation or law which requires Plaintiff to provide,

directly or indirectly, potentially life threatening drugs and devices, which harm or terminate a fertilized human egg;

    d.    Issue temporary and permanent injunctions prohibiting Plaintiff's health insurance carrier from providing an insurance plan that includes potentially life threatening drugs and devices, which harm or terminate a fertilized human egg;

    e.    Issue temporary and permanent injunctions prohibiting enforcement of the Mandate against Plaintiff or any other regulation or law which prohibits Plaintiff from exercising its First Amendment rights to believe, teach or counsel its opposition to the use of potentially life threatening drugs and devices, which harm or terminate a fertilized human egg;

    f.    Award Plaintiff the costs of this action and reasonable attorney's fees; and

    g.    Award such other and further relief as it deems equitable and just.


Respectfully submitted,

MAZA, DAVID & HOEFFEL

BY: _____
    JAMES W. MAZA, ESQUIRE
    Attorney I.D. No. 36308

MAZA, DAVID & HOEFFEL
P.O. Box 369
507 Salfordville Road
Lederach, PA 19450
Phone: (215) 256-0007
Fax: (215) 256-0008
jmaza@mdhlawyers.com

Date Aug 5 2014

Jeffrey C. Mateer*
    Texas State Bar No. 13185320
Jeremiah G. Dys*
    West Virginia State Bar No. 9998
Justin E. Butterfield*
    Texas State Bar No. 24062642
LIBERTY INSTITUTE
2001 W. Plano Parkway, Suite 1600
Plano, Texas 75075
(972) 941-4444


*Will seek admission pro hac vice

*Attorneys for Valley Forge Christian College of the Assemblies of God*

# EXHIBIT A

Valley Forge Christian College
Board of Trustees
April 9-10, 2014

RESOLUTION 10
AUTHORIZATION TO OPPOSE THE HHS MANDATE

WHEREAS, Valley Forge Christian College has been intricately linked to the Assemblies of God since its founding in 1939; and

WHEREAS, The Bylaws of Valley Forge Christian College (Bylaws) require its endorsement by the Alliance for Assemblies of God Higher Education (Alliance); and

WHEREAS, The Bylaws require that the college be "bound to the Statement of Fundamental Truths of the General Council of the Assemblies of God;" and

WHEREAS, Membership of the Board of Trustees is comprised of fifty-two (52) members, twenty-six (26) of whom must be credentialed ministers with the Assemblies of God, with additional members also possessing credentials as Assemblies of God ministers; and

WHEREAS, The 6 regional and 2 ethnic Districts of the Northeast are responsible to nominate twenty-four members for membership on the Board of Trustees; and

WHEREAS, The Bylaws require the Administration, faculty, and professional staff to adhere to the Statement of Fundamental Truths of the Assemblies of God; and

WHEREAS, The college mission statement, "to prepare individuals for a life of service and leadership in the church and in the world," affirms its commitment to participate in the Great Commission by providing qualified ministers and other leaders for service and leadership; and

WHEREAS, the Assemblies of God has a sincerely held religious belief vigorously opposed to abortion, abortion-related legislation and medical procedures as documented in: (1) a position paper adopted at the General Presbytery in session August 9-11, 2010, "Sanctity of Human Life: Abortion and Reproductive Issues;" and, (2) the February 27, 2012 statement issued in opposition to the Obama Health Insurance Plan by Dr. George Wood, General Superintendent of the Assemblies of God; and

WHEREAS, The Board of Trustees affirms its sincerely held religious belief in opposition to abortion and abortion-related drugs and procedures; therefore be it

RESOLVED, That the Board of Trustees empower the Executive Committee to take all steps necessary to lift the imposition of the HHS Mandate against our religious liberties; be it further

RESOLVED, That the college Administration send a letter to Aetna, its health care provider, requesting that Aetna disallow abortion-related drugs and procedures as part of the college's health plan; be it further

RESOLVED, That if Aetna replies that it is not possible to comply with the request based on the HHS Mandate, copies of the original request and Aetna's rejection be sent to the appropriate US Congresspersons alerting them of our concern and Aetna's response; be it further

RESOLVED, That the Board of Trustees authorize the Administration to engage the Liberty Institute as co-counsel with Maza and David to pursue an injunction against enforcement of the HHS Mandate; be it further

RESOLVED, That the Board of Trustees appoint a Task Force to advise and assist the Executive Committee and the Administration in the pursuit of this matter.

Submitted by the<br>College Administration

33